United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30514

KENNETH PLEDGER, individually and on behalf of his minor children
Darnell Pledger, Rachel Robinson, Keira Johnson, Ivan Pledger,
Storn Pledger and Jilasea Henry; TRIXINE PLEDGER,

Plaintiffs-Appellants,

VERSUS

PHIL GUILBEAU OFFSHORE, INC., ET AL,

Defendants,

PHIL GUILBEAU OFFSHORE, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(02-CV-1796-L)

Before DUHÉ, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[1]

Plaintiff, Kenneth Pledger, appeals the dismissal on summary
judgment of his suit brought under 33 U.S.C. § 905(b) against the
owner of the supply boat on which he was injured while loading
cargo. The district court found no material facts in dispute and

---

[1] Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

held that none of the duties imposed on shipowners by <u>Scindia Steam Navigation Co. v. De Los Santos</u>, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981), were breached. Plaintiff appeals the decision only as to the second (active control) and third (duty to intervene) duties. After careful <u>de novo</u> review of the record and full consideration of the written and oral argument of the parties we affirm, essentially for the reasons given by the district court.

Plaintiff was a member of a three-man Halliburton crew which had completed work on a well from a stationary lift boat. The crew was in the process of loading Halliburton's equipment from the lift boat to the deck of the Defendant's supply boat. In the process of so doing, Plaintiff slipped in algae growing on the wooden deck of the supply boat, and was injured. Before beginning the loading each member of the Halliburton crew was aware of the algae on parts of the deck, discussed it, and determined that it did not present a hazard to them in the loading operation. During the loading the seas were somewhat rough requiring the Captain of the supply boat to remain at the stern controls and constantly maneuver the boat to keep it in position next to the lift boat so that the Halliburton equipment could be lowered to the deck by the lift boat crane. The evidence varied as to whether the Captain directed the location at which only the largest and heaviest piece of equipment was placed, or directed the location of each piece of equipment. The district court accepted Plaintiff's version of those facts. There is no evidence that the Captain was aware of

any algae on the deck during this operation, although he did know that at other times algae had appeared on the wet parts of the deck.

Plaintiff's primary contention on appeal is that the shipowner remained in active control of the vessel and the loading operation because the Captain directed the location at which each load was to be stowed and operated the vessel to keep it in position next to the lift boat.  However, as the district court pointed out, determining placement of the cargo does not constitute active control. Clay v. Daiichi Shipping, 237 F.3d 631 (5th Cir. 2000). Neither does simply maintaining the position of the ship while the stevedore and lift boat personnel perform all other duties in connection with the loading.  For the shipowner to be liable under the second Scindia duty the vessel must exercise active control over the actual methods and operative details of the longshoreman's work. Breaux v. United States, 1996 WL 626328 at *4 (E.D. La. 1996). This record reflects no evidence of such control.

With respect to the third Scindia duty (to intervene) the vessel owner can rely on the stevedore's expert knowledge, including the stevedore's judgment that a condition, although dangerous, is safe enough to permit work to continue. Greenwood v. Societe Francaise De, 111 F.3d 1239, 1249 (5th Cir. 1997).  The vessel owner has a duty to intervene only when it has actual knowledge that the stevedore is using an unsafe practice which is creating a hazard because the stevedore intends to work in the face

of the hazard and cannot be relied on to remedy it.  See Pimental v. LTD Canadian Pacific Bulk, 965 F.2d 13, 15 (5th Cir. 1992).  The owner's responsibility is "narrow and requires something more than mere shipowner knowledge of a dangerous condition."  Singleton v. Guangzhow Ocean Shipping Co., 79 F.3d 26, 28 (5th Cir. 1996).  Plaintiff's evidence does not create an issue of the Captain's actual knowledge, but only that he should have known of the presence of the algae.  As the district court also held, however, even if knowledge was established the evidence shows that the stevedore did not consider the algae dangerous, or that it created an unreasonable risk of harm to them or their operation.  There is no evidence that the shipowner should have thought otherwise.

The judgment granting summary judgment in favor of the shipowner is AFFIRMED.